**United States District Court**
**For the Northern District of California**

E-FILED on  10/28/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID SNYDER,<br><br>  Plaintiff,<br><br>  v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION (FREDDY MAC), MALCOM & CISNEROS A LAW CORPORATION, BAILEY PROPERTIES INC., WAYNE GREENE, EDWARD PRICE, DEBORAH PRICE, GENE HARDING, MELISSA SGORI, BERRI MICHEL dba "THE BIKE TRIP", RUSSELL CADWALLADER and DOES 1 through 10,<br><br>  Defendants. | No. C-11-03690 RMW<br><br>ORDER GRANTING IN PART MOTION TO DISMISS AND REMANDING CASE TO STATE COURT<br><br><br><br>**[Re Docket No. 4]** |

Defendants Malcom & Cisneros, A Law Corporation and Melissa Sgroi (collectively, "M&C") move to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that section 702 of the Protecting Tenants at Foreclosure Act of 2009 does not provide a private cause of action. Plaintiff did not file an opposition. Having considered the moving papers, and for the reasons set forth below, the court grants the motion in part and remands the remainder of this action to the Superior Court of California for the County of Santa Cruz.

ORDER GRANTING IN PART MOTION TO DISMISS AND REMANDING CASE TO STATE COURT—No. C-11-03690 RMW
LJP

## I. BACKGROUND

Around March 1, 2007, plaintiff David Snyder began leasing property from defendant Wayne Greene. Compl. ¶ 14. On December 3, 2010, Mr. Greene's property was foreclosed upon. *Id.* ¶ 15. Plaintiff asserts that defendant Freddie Mac, who now owns the property, is bound by the terms of his lease pursuant to section 702 of the Protecting Tenants at Foreclosure Act of 2009, Pub. L. No. 111-22 ("Section 702").

After the foreclosure, unlawful detainer proceedings were initiated against plaintiff. Compl. ¶ 18. Plaintiff asserts this violated his rights under Section 702. *Id.* ¶¶ 16-17, 20, 31. Plaintiff alleges that Freddie Mac's counsel, Malcom & Cisneros and its attorney Melissa Sgroi, served "several erroneous unlawful detainers" on plaintiff, causing significant emotional distress. *Id.* ¶ 30. Defendants continued to pursue the unlawful detainer proceedings even after plaintiff informed Ms. Sgroi "that the eviction procedures were erroneous, and that Plaintiff was not a party to these proceedings." *Id.* ¶ 19. Plaintiff also alleges harassing and coercive conduct by other defendants, including Gene Harding, Edward Price, and Russell Cadwallader. *Id.* ¶¶ 29-33, 38-40. Plaintiff further alleges that past and present landlords and property managers ignored multiple requests from plaintiff regarding unsafe and unhealthy conditions at the property. *Id.* ¶¶ 17, 22.

Plaintiff filed the present action in Santa Cruz superior court on June 22, 2011. M&C removed the case to this court on July 27, 2011.

## II. ANALYSIS

M&C argue that plaintiff's claims against them must be dismissed because the claims are based solely on Section 702, which does not create a private right of action. Section 702 provides, in relevant part:

EFFECT OF FORECLOSURE ON PREEXISTING TENANCY.

(a) In General- In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to--

(1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and

(2) the rights of any bona fide tenant, as of the date of such notice of foreclosure--

> (A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale of the unit to a purchaser who will occupy the unit as a primary residence, subject to the receipt by the tenant of the 90 day notice under paragraph (1); or
>
> (B) without a lease or with a lease terminable at will under State law, subject to the receipt by the tenant of the 90 day notice under subsection (1),
>
> except that nothing under this section shall affect the requirements for termination of any Federal- or State-subsidized tenancy or of any State or local law that provides longer time periods or other additional protections for tenants.

Pub. L. No. 111-22, § 702. Courts considering the issue have consistently concluded that Section 702 does not provide a private right of action. *See, e.g.*, *Nativi v. Deutsche Bank Nat'l Trust Co.*, 2010 WL 2179885 (N.D. Cal. 2010); *Gullatt v. Aurora Loan Servs., LLC*, 2010 WL 4070379 (E.D. Cal. 2010); *Zalemba v. HSBC Bank, USA, Nat'l Ass'n*, 2010 WL 3894577 (S.D. Cal. 2010). Rather, Section 702 creates federal defenses that may be asserted in an unlawful detainer action. *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117 at *4 (N.D. Cal. 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578 at *2 (C.D. Cal. 2010); *Gullatt*, 2010 WL 4070379 at *7.

In his complaint, plaintiff makes various claims, including that defendants violated Section 702. Because Section 702 does not provide a private right of action, those claims must be dismissed. Since the remainder of plaintiff's claims are pled under California law and there is no federal claim, the court remands the case to state court. *See Foster v. Wilson*, 504 F.3d 1046, 1051-52 (9th Cir. 2007) ("The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion."); *Nativi*, 2010 WL 2179885 at *4 (remanding case after dismissing Section 702 claim).

Because there is no federal jurisdiction, the court does not reach the issue of whether plaintiff's complaint includes any state law claims against the moving defendants.

**III.  ORDER**

For the foregoing reasons, the court grants in part M&C's motion to dismiss and remands the case.  Plaintiff's claims asserted under Section 702 are dismissed.  The remainder of the case is remanded to the Superior Court of California for the County of Santa Cruz.

DATED:     10/28/2011

RONALD M. WHYTE
United States District Judge